**Everett GILMORE, Plaintiff–Appellant,**

**and**

**Patricia Lacy; Clifton Lacy, individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**HOUSING AUTHORITY OF BALTIMORE CITY; John McCauley; Juanita C. Harris; James E. Martin, Jr.; Laverne L. McWhite, Defendants–Appellees.**

No. 98–1712.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 26, 1999.

Decided March 10, 1999.

**ARGUED:** Gregory Leo Countess, Legal Aid Bureau, Inc., Baltimore, Maryland, for Appellant. Melvin James Jews, Baltimore, Maryland, for Appellees. **ON BRIEF:** Lisa Joi Stancil, Baltimore, Maryland, for Appellees.

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge NIEMEYER and Judge MICHAEL joined._

## OPINION

LUTTIG, Circuit Judge:

Appellant Everett Gilmore challenges the district court's decision to vacate a consent decree under which appellee Housing Authority of Baltimore City was required to provide tenants with administrative grievance hearings regarding lease terminations prior to the start of eviction proceedings. We agree with the district court that vacatur was appropriate, and therefore affirm.

## I.

In 1984, appellee Housing Authority of Baltimore City (HABC) sent a notice of lease termination to Patricia and Clifton Lacy, who were tenants in a public housing project administered by HABC. In the notice, HABC stated that the lease was being terminated because Patricia Lacy had endangered the health or safety of an HABC employee by assaulting him, in violation of the terms of the Lacys' lease. HABC further asserted that, because the ground for the termination was Patricia Lacy's alleged assault on an HABC employee, the Lacys were not entitled to an administrative grievance hearing prior to the start of eviction proceedings. Shortly thereafter, the Lacys filed suit in federal district court against HABC, contending that they, and all individuals similarly situated, were entitled to administrative hearings as a matter of due process.

Under federal law at the time of the lawsuit, a public housing authority such as HABC was generally required to provide tenants with administrative hearings. _See_ 24 C.F.R. § 966.51(a) (1984). However, a public housing authority could bypass the administrative hearing requirement in cases of evictions based on alleged endangerment of the health and safety of an employee or resident, provided that state law afforded tenants certain procedural protections in eviction proceedings, including the right to discovery. _See id._ §§ 966.51(a),966.53(c). Because Maryland state law did not provide tenants with the right to discovery, HABC was therefore required, as a matter of federal law, to furnish all tenants with administrative hearings. Consequently, on August 13, 1984, the Lacys and HABC entered into a consent decree, under which HABC agreed to provide all tenants situated in the Lacys' position with administrative hearings.

In 1990, Congress amended the National Housing Act, eliminating the right to discovery from the list of procedural protections that must be provided under state law before a public housing authority can bypass the administrative hearing requirement, and allowing states to invoke the bypass provision not just in cases of evictions based on alleged

endangerment of the health or safety of an employee or resident, but also in cases of evictions for drug-related offenses. *See* 42 U.S.C. § 1437d(k) (1990). The Department of Housing and Urban Development (HUD) duly altered the relevant regulations, and instituted a process whereby states could apply for a ruling from HUD as to whether their laws satisfied the procedural prerequisites of the bypass provision. *See* 24 C.F.R. §§ 966.51(a)(2)(i), 966.53(c) (1990).

In 1992, HUD issued a ruling confirming that Maryland's tenant laws met the procedural prerequisites. As a result of this ruling, Maryland public housing authorities, including HABC, obtained the authority to bypass the administrative hearing requirement in cases of evictions based on alleged endangerment of the health or safety of an employee or resident, or for drug-related offenses. On January 17, 1995, HABC duly revised its Tenant Grievance Policy and Appeals Procedure in order to remove the right to obtain administrative hearings in such cases.

In November 1995, HABC filed an action in state court against Frieda Holloway, alleging that Holloway breached her lease by committing drug-related offenses. HABC then moved in federal court to vacate the 1984 consent decree, under which it was still required to provide tenants with administrative hearings. The state court continued the action against Holloway pending the federal district court's decision. The district court vacated the consent decree. During the course of proceedings, the current appellant, Everett Gilmore, was substituted for Holloway as plaintiff. Gilmore now appeals.

## II.

Both appellant and appellees agree that the proper test for determining whether the district court correctly vacated the consent decree is the two-prong test set out by the Supreme Court in *Rufo v. Inmates of the Suffolk County Jail,* 502 U.S. 367, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). In *Rufo,* the Court held that a party seeking modification of a consent decree—in this case, appellees—must first "show[ ] a significant change either in factual conditions or in law." *Id.* at

384, 112 S.Ct. 748. Provided that the party meets this initial burden, the reviewing court must then determine whether the proposed modification of the consent decree—in this case, vacatur—is "suitably tailored to the changed circumstance." *Id.* at 391, 112 S.Ct. 748.

■ We agree with the district court that both prongs of the *Rufo* test were unambiguously satisfied in the instant case. First, a significant change in law occurred between the date of the entry of the consent decree and the date of the proposed modification: namely, the amendment of the National Housing Act, with concomitant changes to the relevant regulations, in 1990. As a direct result of these changes, HABC was no longer required to provide administrative hearings in cases of evictions based on alleged endangerment of the health or safety of an employee or resident, or for drug-related offenses. Second, the proposed modification of the decree was suitably tailored to the changed circumstance: because the statutory administrative hearing requirement that the consent decree was originally entered to protect no longer existed, the consent decree was simply no longer necessary. Vacatur was therefore the appropriate modification. Because the district court correctly applied *Rufo* in vacating the consent decree, we affirm the district court's decision.

## III.

■ Appellant further contends that vacating the consent decree would be improper because it would violate the terms of his lease by effectively stripping him of his contractual right to an administrative hearing. As the district court found, however, this argument fails because appellant had no such contractual right.

In making his argument, appellant relies on two provisions of his lease. Paragraph 14 of the lease states: "All grievances or appeals arising under this Lease shall be processed and resolved pursuant to the Housing Authority of Baltimore City Grievance Procedure *which is in effect at the time such grievance or appeal arises,* which procedure is posted in the Management Office and in-

corporated herein by reference." Paragraph 16, in turn, states in relevant part: "This Lease may only be modified by a written rider approved by both Management and the Resident Advisory Board and executed by both Management and the Tenant...." Appellant contends that, because the terms of the HABC Grievance Procedure were "incorporated ... by reference" into the lease, HABC could not modify its terms without obtaining written approval from the Resident Advisory Board. However, the lease did not incorporate the terms of the HABC Grievance Procedure that were in effect at the time the lease was signed, but rather "incorporated" the terms of the Procedure that are in effect at the time a grievance arises, thus explicitly leaving open the possibility that HABC could unilaterally change the terms of the procedure at any intervening time—as indeed it did in 1995, in order to remove the right to obtain an administrative hearing in precisely such cases as appellant's. We therefore agree with the district court that appellant's contractual argument is meritless.

### CONCLUSION

The judgment of the district court is affirmed.

*AFFIRMED.*